EASTERN DIST.
*May*, 1837.

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

═══════════

## MORGAN *vs.* POLICE JURY OF POINTE COUPEE.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE OF THE SECOND PRESIDING.

An application for a jury comes too late after the cause is fixed for trial.

Where the judgment says "the plaintiff has made out his case by the law and evidence," it will be deemed to contain sufficient reasons within the provisions of the constitution.

| 11 | 157 |
|----|-----|
| 122 | 330 |

EASTERN DIST.
*May,* 1837.

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

The act of the legislature, approved the 24th March, 1828, empowering the police juries and inspectors of levees to seize and sell the lands of non-residents, for repairs, etc., does not authorize and empower the *undertaker* to exercise this right.

Where the undertaker, to make a road and repair the levee over the land of a non-resident, by an adjudication of the police jury, is prevented from having recourse against the land and property of the owner, in satisfaction of his contracts, on account of their neglect to publish the ordinance under which he acted, and give notice to the owner, *they* will be *liable* to him for the amount of his contract.

This is an action against the Police Jury of the Parish of Pointe Coupée, to recover from them the sum of six thousand dollars, the price at which certain works and repairs to be made on the road and levee over the lands of Sebastian Hiriart, were adjudicated to him. He alleges he has performed his contract, and that the defendants refuse to pay him according to the terms of the adjudication.

He further shows, that he commenced proceedings against the land and property of said Hiriart, by the executory mode of seizure and sale; but that owing to the neglect of the defendants in not publishing the ordinances, and other irregularities in the adjudication of the works to him, final judgment was rendered in favor of Hiriart, and against the petitioner. He prays for judgment against the defendants for the amount of his contract.

The defendants pleaded a general denial, and averred that the ordinances under which the adjudication was made were of no validity, having never been promulgated. They further pleaded the judgment in favor of Hiriart, in the Supreme Court, in bar of this action.

Upon these pleadings and issues the cause was tried.

The evidence shows that on the 1st December, 1831, the inspector of roads and levees for the parish of Pointe Coupée, adjudicated to the plaintiff, for the sum of six thousand dollars, the contract for making certain works, consisting of a road and levee of between eleven and twelve arpents long, on the lands of S. Hiriart, who resided out of said parish. On the 26th December, the plaintiff finished his contract and

obtained the approval of the inspector of roads and levees. On the 17th September, 1832, the plaintiff took out an order of seizure and sale against the lands of Hiriart, under and by virtue of the 5th section of an act of the Legislature, passed the 8th February 1831. An attorney was appointed to represent the absent defendant.

The defendant's attorney took an appeal from the Parish to the District Court, and judgment being rendered against the original plaintiff, he appealed. In the Supreme Court he lost the case, on the ground that the ordinances of the *Police Jury* under which the adjudication of the work to him was made, had never been properly promulgated, and that notice was omitted to be given to the owner of the land. See the case of *Hiriart* vs. *Morgan,* 5 *Louisiana Reports,* 43.

This suit was then commenced against the Police Jury, to make them responsible for the amount of their contract with the plaintiff, in pursuance of the adjudication to him, and also for their neglect in failing to promulgate their ordinances as required by law, and give notice to the owner of the land, by reason of which he lost his recourse against said land and owner.

The cause was set for trial on a Thursday; and on the Friday before the trial came on, the defendant moved the court for a *trial by jury,* which motion was overruled, the cause being fixed for trial.

The district judge rendered judgment for the plaintiff, as follows: " The court is of opinion the plaintiff has made out his case by the law and the evidence; it is, therefore, ordered, adjudged and decreed, that the plaintiff recover the sum of six thousand dollars, etc." The defendants appealed.

*R. N.* and *A. N. Ogden,* for the plaintiff.

1. From the evidence of this case it is clearly shown that the work in question was made under a valid contract with the defendants ; that the work was performed faithfully, was accepted and proved to be of the utmost utility ; and in reality was worth more than is claimed.

EASTERN DIST.
*May*, 1837.

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

2. In the case of Croizet *vs.* The Police Jury of Pointe Coupée, this court held, that in a case precisely like this, the undertaker had a right to demand payment at once from the parish, and was not bound to resort to the owner of the land.  1 *Louisiana Reports*, 109.

3. The act of the 8th February, 1831, did not affect the principle established in that decision.  It only gave the undertaker a more prompt and efficacious remedy against the owner of the land.  That remedy was attempted here, but without success, owing to the failure of the defendants to comply strictly with certain formalities of law.

4. The defendants, by their neglect and misconduct, deprived the undertaker of all recourse against the land, or its owner.  This was not his fault, and they are bound to make good their contract with him.  *Hiriart* vs. *Morgan*, 5 *Louisiana Reports*, 43.  *Bouligny* vs. *Dormenon et al.*, 2 *Martin, N. S.*, 455.

*L. Janin*, for the defendants, contended that the Police Jury were not liable, except for the balance remaining due after the undertaker has caused the land to be seized and sold, and when the owner is insolvent.  See *Session Acts of* 1828, *section* 1.

2. If the plaintiff has an immediate action or recourse against the parish, it is not for the amount of the adjudication, but only on a *quantum meruit*, and that the work in this case was not worth more that one thousand two hundred dollars.

3. This case is to be governed by the law of the 8th February, 1831, which applies in terms to the parish of Pointe Coupée.  The 5th section directs that the *procès verbal* of adjudication shall be recorded, and operate a lien upon the land, and "*in case of non-payment the undertaker shall be entitled to an order of seizure and sale.*"

4. The testimony clearly shows that the value of the work done by the plaintiff, does not amount to more than one fifth of the claim sued on.

5. The judgment of the district is null and void, for want of reasons. There is no reason given for the judgment, and no law is referred to in support of it.

6. The judgment should be set aside, because the district judge improperly refused the defendants a trial by jury. This is an important matter, and the case should at least be remanded.

EASTERN DIST.
*May*, 1857.

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

*R. N.* and *A. N. Ogden*, in reply.

1. The plaintiff lost his recourse against the land and owner, by the fault of, defendants, who are liable in consequence thereof. See his case, 5 *Louisiana Reports*, 43.

2. The undertaker can have no recourse against the owner and land, but the parish may. There is no privity of contract between the former, but there is between the latter, and as the owner is benefited he is bound to pay the parish. *Croizat* vs. *Police Jury*, 1 *Louisiana Reports*, 109. 5 *Martin*, *N. S.*, 388.

3. It is contended that if we have immediate recourse to the parish, it can only be on a *quantum meruit* for the actual value of the work done, or benefit rendered. In this case recourse was first had to the owner and land, and failing through their neglect and misconduct, they have become liable under the contract. The evidence fully establishes the plaintiff's right to recover, both under the contract, and on a *quantum meruit*.

4. The reasons for the judgment are amply sufficient. There cannot be better reasons than that the " plaintiff has made out his case by the law and evidence."

5. The defendants' application for a jury came too late after the case was set for trial. The law is express. *Code of Practice, article* 494, 495.

*Carleton, J.*, delivered the opinion of the court.

This action was brought to recover from the defendants the sum of six thousand dollars, which the petitioner avers to be the price for which the construction of a road and levee on the lands of Sebastian Hiriart, was adjudged to him as the

21

EASTERN DIST.
*May*, 1837.

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

lowest bidder, under the police ordinances of the parish of Pointe Coupée ; that he had faithfully executed the work, and complied with the conditions of his contract.

The defendants answered by general denial.

The plaintiff filed a supplemental petition, averring that after the completion of the work, he brought suit by seizure and sale, against the lands of S. Hiriart, which he finally lost before the Supreme Court, by reason of certain irregularities that occurred in the adjudication ; that, nevertheless, the defendants continue bound to pay the price stipulated by their contract.

To this amended petition the defendants reply, that the ordinances of the police jury, on which the proceedings were based, were of no force or effect, having never been legally promulgated previous to the adjudication ; and further, that the judgment in plaintiff's suit against Hiriart, is a bar to the present action, and conclude by denying generally, all the facts alleged in the supplemental petition.

The cause was fixed to be tried on the 19th May. On the day next preceding, defendants' counsel applied to the court for leave to submit the case to a jury ; the court overruled the motion, and on the 25th of the same month, tried the cause, and rendered judgment in favor of the plaintiff, for the sum claimed, with five per cent. interest, from judicial demand. From this decree, defendants appealed.

*An application for a jury comes too late, after the cause is fixed for trial.*

We agree with the judge of the District Court, that the application for a jury came too late, after the cause was fixed for trial. *Code of Practice, articles* 494 and 495.

Two bills of exceptions were tendered by defendants

*Where the judgment says "the plaintiff has made out his case by the law and evidence," it will be deemed to contain sufficient reason, within the provisions of the constitution.*

counsel, and allowed at the trial. But as no notice is taken of them in the briefs submitted to this court, we are not required to pronounce upon them.

Our attention is first directed by defendants' counsel to the judgment of the District Court, which it is alleged is void for not containing the reasons upon which it is founded.

The language of the court is, " this cause came on for trial, and after evidence and argument of counsel, the court is of

EASTERN DIST.
*May,* 1837.

opinion that the plaintiff has made out his case by the law and evidence; it is, therefore, ordered, etc."

MORGAN
*vs.*
POLICE JURY OF
POINTE COUPEE.

The same objection was taken and overruled in the case of Allen *vs.* Peytavin, recently decided by this court, where the reasons for the judgment were less specifically set out, than in this. The court there said, it would be difficult to imagine a better reason for condemning the defendant, than that the law and the evidence are both against him. 10 *Louisiana Reports,* 42.

It is further contended by defendant's counsel, that by the law approved the 24th March, 1828, section 1, page 128, *entitled an act to give certain powers to the police jury, and for other purposes,* the parish cannot be made liable to the undertaker, except for the balance due after the seizure and sale of the lands upon which the works were constructed, or that the owner should become insolvent.

This law empowers the police jury and inspector of levees to seize and sell by executory process, the lands of the non-resident, to pay for the repairs; and declares, "that the parish shall not be in any manner responsible for the amount of said works, unless the proceeds of the sale of said land should not be sufficient to pay the same, or the owner become insolvent."

The right to sue is by this law conferred upon the police jury or inspector, and *not* the undertaker. It appertains to them, and not to him, to protect the parish from responsibility by pursuing the lands, or showing the insolvency of the owner. They, therefore, cannot complain that he has not done what the law confers upon them alone the right to perform. Such is the construction which we think justice requires should be given to the statute, and such must have been the intention of the legislature.

The act of the legislature, approved 24th March, 1828, empowering the police juries and inspectors of levees to seize and sell the lands of non-residents for repairs, etc. does not authorize and empower the *undertaker* to exercise this right.

It is next insisted that the plaintiff lost his right of action against the defendants, by his unsuccessful pursuit of the lands of the non-resident, by executory process, and that he is barred by the judgment of the Supreme Court, in the case of Morgan *vs.* Hiriart, 5 Louisiana Reports, 45.

The plaintiff there sought payment under section 5, page 8, of the law of 1831, which authorizes the seizure and sale of

Eastern Dist.
May, 1837.

MORGAN
vs.
POLICE JURY OF
POINTE COUPEE.

the lands of a third person, in virtue of proceedings to which he was not a party, and under a mortgage to which he never gave his assent. The court, in their opinion, adverted to the case of Bouligny *vs.* Dormenon, and sustained the position they then took, and said : " in that case, we held it to be necessary, in order to subject proprietors of land, whereon levees are required to be made, to the payment of expenses incurred under the proceedings of the parish police, that strict compliance with all regulations which permit an interference, on the part of the parochial authorities, in relation to the private property of individuals, should be shown ; and there exists stronger reasons, perhaps, for applying the same principles to the case now under consideration, when we take into view the summary remedy allowed by the act of 1831."

*Where the undertaker to make a road and repair the levee, over the land of a non-resident, by an adjudication of the police jury, is prevented from having recourse against the land and property of the owner, in satisfaction of his contract, on account of their neglect to publish the ordinance under which he acted, and give notice to the drawer, they will be liable to him for the amount of his contract.*

But if the defendants in this cause could entrench themselves behind any error which they had committed, in the promulgation of the police ordinances, or irregularity in the adjudication of the work, they would plainly take advantage of their own wrong, and might elude the force of any obligation they chose to contract, for similar purposes.

By not publishing the police ordinances as was incumbent on them, they have by their own neglect, put it out of the power of the undertaker to obtain the price of his labor from the sale of the lands ; and if they should have thereby prevented themselves from pursuing a similar remedy, it is no reason why they should not pay the plaintiff agreeably to the terms of their contract.

The evidence introduced by the plaintiff, we think, fully shows the performance of his undertaking. He exhibited the *procès verbal* of adjudications for the stipulated price ; the testimony of several witnesses who proved the value of the work by a calculation of the cubical contents of earth, incorporated in the levee, and the certificate of the inspector of roads and levees, attesting to the execution of his agreement.

" *Et que les dits travaux ont été faits conformément à ce que lui avait été ordonné, et la vete; et de la même manière présente par les reglémens du jury de police de cette paroisse.*"

The defendant introduced only one witness at the trial, whose testimony does not materially differ from the proof produced by plaintiff.

It is lastly contended by defendants' counsel, that the value of the work ought to be estimated by the price of the labor of the slaves employed, fixed by one of the witnesses at seventy-five cents per day for each.

But this, we think, would be entirely changing the nature of the case, and loosing sight of the contract of adjudication which forms the basis of the action, and on which the whole controversy turns.

On the whole, after much reflection upon the points raised in the cause, we have come to the conclusion that there is no error in the decree of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.